## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CORVENGA LLC, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12 C 04846 |
| | ) | |
| SPECTRA MEDICAL DEVICES, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

### SPECTRA'S MEMORANDUM IN SUPPORT
### OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)

This is a breach of contract, trademark infringement and false and deceptive practices matter stemming from Plaintiff Corvenga's purchase and receipt of Defendant Spectra Medical Devices, Inc.'s products in Massachusetts. All of the relevant events giving rise to the dispute, including the contract, shipping, and delivery of the products in question, occurred in Massachusetts. As a result, the key (if not all) witnesses and physical evidence reside in Massachusetts. Moreover, many of the legal issues to be decided are subject to Massachusetts law. Plaintiff nevertheless brought this case in Illinois, thus placing a heavy and unfair burden on Spectra and its witnesses. Spectra is further prejudiced because it will not have adequate subpoena power over key witnesses, including Plaintiff's employees involved in the disputed transactions. Finally, this Court is also burdened because it must adjudicate issues based on Massachusetts law and, simultaneously, balance the inequities inherent to trying a case in an inconvenient forum.

Accordingly, Spectra respectfully moves to transfer this action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) because the District of Massachusetts is the most convenient and appropriate forum for the adjudication of this dispute.

## FACTUAL BACKGROUND

This case stems from an oral and written contract between Corvenga and Spectra regarding the sale and supply of certain medical needles. Spectra is a Massachusetts corporation with its principal place of business and headquarters in Massachusetts. Spectra sells medical products nationwide to hospitals and medical suppliers and, while it is likely that some Spectra product makes its way to Illinois, Spectra has no office, sales force or other significant ties to Illinois. Corvenga is a Delaware corporation allegedly with its principal place of business in Illinois; however, Corvenga manages at least one other location in North Reading, Massachusetts.

In 2011, Corvenga initiated communications with Spectra regarding Spectra's products. All of the key communications took place at Spectra's Wilmington, Massachusetts headquarters. Indeed, Corvenga's employees, including but not limited to, Lance Corlis (Corvenga's Chief Executive Officer) and Scot Sarver (Corvenga's Chief Operating Officer), regularly and repeatedly visited Spectra's headquarters to discuss Spectra's products and, occasionally, to pick up product orders.

By August 2011, Corvenga began submitting purchase orders for various products from Spectra. *See, e.g.,* Dkt. 1, Compl. Ex. A-F. The first three purchase orders, dated 8/18/11, 8/25/11, and 11/29/11, respectively, identify Corvenga or its predecessor as a Massachusetts company in addition to using a Massachusetts "Ship To" address. *Id.* at Ex. A-C. Although the location for Corvenga's headquarters may have changed, these and subsequent purchase orders had one thing in common: Spectra was to deliver the product to Corvenga's North Reading, Massachusetts location. For each filled order, Spectra delivered the products to Corvenga's Massachusetts location or a Corvenga representative picked up the products from Spectra in Wilmington, Massachusetts.

- 2 -

In December 2011, Corvenga sought information concerning certain benefits of Spectra's trademarked Reduced Advance Force (RAF)™, Guide Glide™, and Guide Glide II™ needles and products (hereinafter, "Spectra's Trademarked Products").  Corvenga representatives again visited Spectra's Wilmington, Massachusetts office in conjunction with these products.  Corvenga executed a Non-Disclosure Agreement which, among other things, specified that Massachusetts law governed.  *See* Dkt. 6, Answer at Ex. D.  Corvenga then sought to purchase Spectra's Trademarked Products.  Spectra agreed to disclose product information, subject to the condition that Corvenga clearly identify Spectra as the source and display the corresponding trademarks in all contexts.

Shortly thereafter, Spectra discovered Corvenga was not identifying Spectra's Trademarked Products under the corresponding trademarked names.  Instead, Corvenga attempted to rebrand Spectra's Trademarked Products as if they were Corvenga's own products.  Specifically, Corvenga passed off Spectra's Trademarked Products as Corvenga's Orion and Galaxy brand products.  Spectra informed Corvenga that this was improper and unacceptable.  However, Corvenga continued to offer and sell Spectra's Trademarked Products using Corvenga's own packaging and branding.  As a result, Spectra ceased providing Corvenga with its product and Corvenga responded by filing this suit.

Because venue technically is proper pursuant to 28 U.S.C. § 1391, Spectra answered and filed numerous counterclaims.  However, this district is inconvenient and burdensome for Spectra and this Court.  Indeed, no substantive or practical reason exists for continuing this case in Illinois.  Accordingly, to avoid the severe prejudice that will occur if this Case remains in this district, Spectra respectfully moves for transfer of this case to the District of Massachusetts.

**ARGUMENT**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The decision to transfer a case rests in the discretion of the district court and should be granted based on "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988). *See also Bankers Life & Cas. Co. v. Case*, No. 05 C 6532, 2005 WL 3542523, at *1 (N.D. Ill. Dec. 23, 2005) ("The decision of whether to transfer venue is in the sound discretion of the trial court."). Convenience and fairness are determined based on private and public interest factors as set forth in *Carter v. Clark, Material Handling Co.*, No. 97 C 4424, 1998 WL 89244, at *2 (N.D. Ill. Feb. 17, 1998). Here, these private and public interest factors overwhelmingly weigh in favor of transfer.

**I.   FIVE OF THE SIX PRIVATE INTEREST FACTORS, INCLUDING THE MOST IMPORTANT FACTOR, WEIGH STRONGLY IN FAVOR OF TRANSFER.**

The private interest factors typically considered are: (1) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigating in a particular forum; (2) the cost of obtaining the attendance of the witnesses; (3) the availability of compulsory process for the attendance of unwilling witnesses; (4) the availability of evidence in each forum; (5) plaintiff's initial choice of forum; and (6) the situs of material events. *See Carter,* 1998 WL 89244, at *2. Each of these factors, save the plaintiff's choice of forum, favors transfer. Spectra addresses each factor below.

The first factor, the convenience of the parties and its related sub-factor, the convenience of the witnesses, is without dispute in Massachusetts. Courts note that the convenience of the

witnesses is the given the most weight in a transfer analysis. *See, e.g, Lewis v. Grote Indus., Inc.*, No. 11 C 7069, 2012 WL 234356, at *3 (N.D. Ill. Jan. 24, 2012) ("convenience of the witnesses is often viewed as the most important factor in the transfer balance."); *Brickett v. Ntl. R.R. Passenger Corp.*, No. 11 CV 2193, 2011 WL 3359934, at *4 (N.D. Ill. Aug. 3, 2011) (same); *FTC v. Am. Tax Relief LLC.*, No. 10 C 6123, 2011 WL 2893059, at * 6 (N.D. Ill. July 20, 2011). Here, not only is Massachusetts the most convenient form for Spectra's witnesses, it is also the most convenient forum for the parties because Massachusetts is the location for Spectra's sole office and for the only Corvenga office implicated here. *See, e.g.*, Dkt. 1, Compl. Ex. A-F. In fact, at least one of Corvenga's executives, Chief Operating Officer Scot Sarver,[1] resides in Massachusetts. Mr. Sarver is a key party witness in this litigation because he was involved in the disputed issues with Spectra in Massachusetts. Transfer is proper and equitable here because requiring witnesses and the parties to travel from Massachusetts to Illinois would subject them to great and unnecessary hardship in addition to being inconvenient for both the parties and the witnesses. *See, e.g., Hinc v. Lime-O-Sol Co.*, 231 F. Supp.2d 795, 796 (N.D. Ill., 2002) ("It is preferable to hold a trial in the forum that will necessitate less travel for witnesses.").

The second and third factors, the cost of attendance of the witnesses and the availability of compulsory process for the attendance of unwilling witnesses, both weigh in favor of transfer. As explained above, if this matter continues in Illinois, most (if not all) witnesses for both sides will have to travel from Massachusetts to Illinois for the proceedings. This travel would come at a great financial expense to the parties. *See Orthoflex, Inc. v. Thermotek, Inc.*, 2010 WL

---

[1] Mr. Sarver's address is listed as: 6 Virginia Rd, North Reading, MA 01864-2934.

5069700, at *4 (N.D. Ill., 2010) ("Securing the attendance of the multiple [Texas-based] Thermotek employees each having specific knowledge concerning the design, manufacture, or repair of the VascuTherm Systems comes at great cost to Thermotek should the proceedings remain in [Illinois]."). By contrast, few (if any) witnesses in this case will be forced to spend time and money traveling out-of-state if this case is transferred. For instance, Corvenga's Chief Operating Officer, Scot Sarver, who regularly dealt with Spectra, resides in Massachusetts. As a final note, the burden is not shifted if this motion to transfer is granted because Corvenga has a Massachusetts office and some of its witnesses reside in Massachusetts.

Convenience and fairness further warrant transfer when considering this Court's limited ability to subpoena witnesses that may be unwilling to appear. All the events giving rise to this dispute, from the formation of the contract to the delivery of the product, occurred in Massachusetts. Consequently, the key witnesses will likely be located in Massachusetts. In the event that a party witness or third-party witness is unwilling to appear, Massachusetts will provide more successful and cost-effective subpoena power than Illinois. Additionally, if the witnesses do not appear because of the travel distance, proceeding in Illinois would severely prejudice Spectra as there is simply no substitute for live testimony. *See, e.g., Fluid Control Prods. Inc. v. Aeromotive, Inc.*, 2011 WL 620115, at* 4 (E.D. Mo., 2011) (noting the preference for the live testimony, not videotaped depositions, of important witnesses); *Samsung Elec. Co., Ltd. v. Rambus, Inc.*, 386 F. Supp.2d 708, 718 (E.D. Va., 2005) ("[w]hen reasonably possible, live testimony is preferred to other means of presenting evidence"); *Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp.2d 607, 610 (E.D. La., 2000) ("Deposition testimony, which would be the only vehicle for Hewlett–Packard to present the testimony of these witnesses if the action

were not transferred to Oregon, is a sterile, inadequate substitute for live testimony on key issues.").

The fourth and sixth factors, the availability of evidence and the situs of material events also clearly favor transfer. This complex case implicates an oral and written contract, various intellectual property issues and other tort based counts. Because the events at issue stem from a contract formed in Massachusetts and products provided in Massachusetts, the majority of the physical evidence likely is located in Massachusetts. Moreover, all of the documentary evidence related to the transactions is also located in Massachusetts. Finally, the events themselves took place in Massachusetts. Thus, it is imminently more convenient for discovery and for the other uncertainties of complicated litigation to transfer this case to the District of Massachusetts. *Belmonte v. Examination Mgmt. Servs., Inc.*, 2007 WL 551578, at \*3 (N.D. Ill., 2007) ("[I]t is clear that the convenience of the parties is strongly in favor of the Northern District of Texas where all, or virtually all, of the proof of this claim can be found); *Roots P'ship. v. Lands' End, Inc.*, 1990 WL 186776, at \*4 (N.D. Ill., 1990) ("Because all of the relevant documents are apparently located in Wisconsin, it is clear that transferring this action to Wisconsin will be convenient to both parties insofar as discovery is concerned."). Consequently, because nearly all the physical evidence and key witnesses reside in Massachusetts and because the events occurred in Massachusetts, the facts of this case heavily favor transfer to the District of Massachusetts.

## II. CORVENGA'S CHOICE OF FORUM SHOULD BE DISREGARDED.

The only factor, private or public, that favors Corvenga is its choice of forum. However, it is well established that the plaintiff's choice of forum can be disregarded where, as here, it is the only factor in favor of the plaintiff. *See Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F. 2d 299, 304 (7th Cir. 1955) (Plaintiff's choice of forum "has minimal value where none of the conduct complaint of occurred in the forum selected by the plaintiff."). *See also Lewis*, 2012

WL 234356, at *2 ("The force of the plaintiff's choice is also diminished if the chosen forum has relatively weak connections with the operative facts giving rise to the claim.") (internal quotations omitted); *Barnes v. Rollins Dedicated Carriage Serv., Inc.*, 976 F. Supp. 767, 768-69 (N.D. Ill. 1997) (granting transfer from the plaintiff's choice of forum "[p]rimarily, because [the Southern District] is the situs of the events giving rise to this action.").

Here, the facts establish that all of the actions giving rise to Corvenga's claim occurred in Massachusetts—namely, the initial meetings regarding the possible purchase, the negotiations regarding the purchases, the shipping of the needles, Corvenga's acceptance of the needles, the non-disclosure agreement, and Corvenga's use of Spectra's Trademarked Products. Tellingly, Corvenga's own Complaint exhibits show a Massachusetts "Shipped To" address. Dkt. 1, Compl. Ex. A-F. In fact, the **only** connections to Illinois are Corvenga's corporate office and the filing of Corvenga's complaint in Illinois court. This dispute, therefore, lacks any significant connection to this forum. For these reasons, the Court should ignore Corvenga's forum selection and grant Spectra's motion to transfer. *Walter E. Heller & Co. v. James Gobe Co.*, 601 F. Supp. 319, 321 (N.D. Ill. 1984) ("[W]here the chosen forum lacks any significant connection with the underlying claim, it is of reduced importance and becomes just one of the many factors which the court may consider.").

## III. ALL PUBLIC INTEREST FACTORS WEIGH IN FAVOR OF TRANSFER.

In addition to the private factors, this Court should also consider public factors. The public interest factors include (1) the court's familiarity with applicable law; (2) the relation of the community to the issue of the litigation and the desirability of resolving controversies in their locale; and (3) the congestion of the respective court dockets and the prospects for earlier trial. *Carter*, 1998 WL 89244, at *3. These three factors all support transfer of this case.

*First*, this litigation implicates many issues under Massachusetts law.  For instance, the purchase orders for the goods sold and the Non-Disclosure Agreement are governed by and should be construed in accordance with the laws of Massachusetts.  *See* Dkt 1, Compl. at Ex. A-F; Dkt. 6; Answer at Ex. D.  Of course, the District of Massachusetts, being more familiar with Massachusetts law than this Court, can more readily decide the applicable Massachusetts law. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (U.S. 1947) ("stating that there "is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself).  The District of Massachusetts also has a greater interest in resolving this case because the events giving rise to the litigation occurred in Massachusetts and the majority of witnesses and parties reside in Massachusetts.

*Second*, there is a community interest in adjudicating this case in the District of Massachusetts.  As the Supreme Court noted:

> [j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.  In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only.  There is a local interest in having localized controversies decided at home.

*Gulf Oil Corp.*, 330 U.S. at 509.  The community of Massachusetts, as the basis for the jury pool and as the community impacted by the parties' actions, deserves the opportunity to resolve this dispute in Massachusetts.

*Third*, based on the overall number of cases**,** the District of Massachusetts's docket is less congested than that of the Northern District of Illinois.  *See* Administrative Office of the U.S.

Courts, *2011 Annual Report of the Director: Judicial Business of the United States Courts* (2012), Table C-5.[2]  Interestingly, despite the District of Massachusetts' less congested docket, the "time to trial" difference between the two courts is negligible.  However, this difference should not weigh in favor of denying Spectra's motion to transfer.  At least one court has held that when the "time to trial" difference is negligible, that factor shall remain neutral.  *See Brickett*, 2011 WL 3359934, at *5 (holding the factor neutral where all three districts at issue had median months to trial within 3 months of each other).  Given these reasons, the Court should grant Spectra's motion to transfer because the District of Massachusetts is better situated to decide this case.

## CONCLUSION

For all of the foregoing reasons, Spectra respectfully requests that this Court transfer this action from the Northern District of Illinois to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and in the interests of justice.

---

[2]  The report is available at: http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2011/Judicial Business2011.pdf.  Table C-5 states the total civil cases terminated by district during the 12-month period ending September 30, 2011.  According to the table, the District of Massachusetts terminated a total of 2,601 cases (roughly 186 cases per judge) whereas the Northern District of Illinois terminated 9,078 cases (roughly 267 cases per judge) in the same period.

Respectfully submitted,

SPECTRA MEDICAL DEVICES, INC.,
Defendant


By: /s/ Kal K. Shah
       Kal K. Shah (IL 6275895)
       Emily L. Peel (IL 6290433)
       Adam Wolek  (IL 6301207)
       THOMPSON COBURN LLP
       55 E. Monroe Street, 37th Fl.
       Chicago, IL 60603
       (312)346-7500
       *Attorneys for Defendant*

       Garry Blank
       Blank and Solomon
       Garry N. Blank, Esq.
       449 Rte. 130
       Sandwich, MA 02563
       (508) 888-5900
       *Of Counsel*