# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4846 | **DATE** | 10/29/2012 |
| **CASE TITLE** | Corvenga v. Spectra Medical | | |

**DOCKET ENTRY TEXT**

Defendant's motion to transfer [11] is granted. This case is hereby transferred to the District of Massachusetts, Delaware.

■[ For further details see text below.]      Docketing to mail notices.

# STATEMENT

    Corvenga Stabilization Solutions ("Corvenga") filed suit against Spectra Medical Devices, Inc. ("Spectra") for breach of contract and seeking declaratory judgment. Spectra filed a number of counterclaims alleging violations of the Lanham Act, deceptive trade practices, and common law breach of contract. Spectra has moved for transfer to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, Defendant's motion is granted.

    On June 15, 2012, Corvenga sued Spectra in this district for breach of contract under Illinois common law (Count I) and under the Uniform Commercial Code ("UCC"), 810 ILCS 5/1-101 *et seq.* (Count II). Corvenga also seeks declaratory judgment determinations that Corvenga does not infringe any valid or enforceable United States patent owned by Spectra (Count III) and that Corvenga has not breached its contractual obligations (Count IV). On July 26, 2012, Spectra counterclaimed, alleging violations under §43 of the Lanham Act, 15 U.S.C. § 1125(a) (Counts I-IV), deceptive trade practices under Massachusetts law, M.G.L. 266/91 (Count V), common law breach of contract (Count VI), and unfair and deceptive trade practices under Massachusetts law, M.G.L. 93A/2 & 11 (Count VII).

    Corvenga is a Delaware corporation with its principle place of business in Chicago, Illinois. Spectra is a Massachusetts corporation having its principle place of business in Wilmington, Massachusetts.

    Motions for transfer of venue are governed by the standards set forth in 28 U.S.C. § 1404. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding a 1404(a) motion to transfer, the Court should consider a number of case-specific factors, such as the convenience of the potential transferee forum to the parties and witnesses, and the interest of justice in general. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). This analysis "necessarily involves a large degree of subtlety and latitude," including the amount of weight to give each

factor relative to the others. *Coffey*, 796 F.2d at 219. The party moving for a transfer of venue "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Id.* at 219–220. District courts have broad discretion to grant or deny a motion to transfer. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

When determining the relative "convenience of the parties and witnesses" referenced in Section 1404 the Court considers the following factors: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; (5) and the convenience of the parties of litigating in respective forums. *See, e.g, Millennium Prods., Inc. v. Gravity Boarding Co. Inc.*, 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000).

*Plaintiff's Choice of Forum*
As a general rule, courts afford some deference to the plaintiff's choice of forum, particularly when the plaintiff resides in the district selected. *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006); *Int'l Truck and Engine Corp. v. Dow-Hammond Trucks Co.*, 221 F. Supp. 2d 898, 904 (N.D. Ill. 2002). *See also FDIC v. Citizens Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979). However, the plaintiff's choice is afforded less deference when the chosen forum is not the situs of material events. *See Lewis v. Grote Indus., Inc.*, 841 F. Supp. 2d 1049, 1053 (N.D. Ill. 2012) ("The force of the plaintiff's choice is also diminished if the chosen forum has relatively weak connections with the operative facts giving rise to the claim.") (internal quotations omitted); *accord Schumacher*, 665 F. Supp. 2d at 977. Plaintiff's choice of forum is also given less deference in a declaratory judgment action. *Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002). The rationale for this is that "but for [the plaintiff's] preemptive filing . . . [the case] would be in all respects [the defendant's] suit . . . ." *Id.* This is consistent with the Seventh Circuit's expressed wariness at the prospect of "a suit for declaratory judgment aimed solely at wrestling the choice of forum from the 'natural plaintiff.' " *Id* (quoting *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc*, 10 F.3d 425, 431 (7th Cir. 1993).

In this case, Corvenga elected to file its action in the Northern District of Illinois, where it is currently headquartered and has its principal place of business, but only did so after receiving letters warning of potential infringement from Spectra. Although Corvenga may be the "natural plaintiff" with respect to its common law and UCC claims, the bulk of the issues in this litigation concern whether Corvenga violated U.S. Trademark laws when marketing and distributing the needles it acquired from Spectra, Therefore, although technically filed first, the resolution of Corvenga's claims likely turns on whether Corvenga committed trademark violations with respect to Spectra's products and under the terms of the parties' prior contract.

*Situs of Material Events*
The second factor, the situs of material events, clearly favors transfer to Massachusetts. In a breach of contract case, the situs of material events is where the business decisions causing the breach occurred, including where the agreement was primarily negotiated and signed. *See, e.g., Valbruna Stainless, Inc. v. ADT Sec. Svcs., Inc.*, 2010 WL 2772324 at \*3 (N.D. Ind. July 12, 2010) (quoting *Omnisource*, 2008 WL 2756345 \*4 (N.D. Ind. July 14, 2008); *El Camino Res.*, 447 F. Supp. 2d at 912 (quoting *Hyatt Corp. v. Personal Commc'ns Indus. Ass'n*, No. 04 C 4656, 2004 WL 2931288, at \*3 (N.D. Ill. Dec.15, 2004)). Here, Spectra's alleged anticipatory breach and failure to deliver ordered products occurred in Massachusetts. Also, the events at issue in this case stem from a contract that was negotiated and entered at Spectra's headquarters in Massachusetts. Indeed, when the contractual relationship between Spectra and Corvenga was formed, Corvenga was not based in Chicago; to the contrary, it was, through its predecessor entity, also headquartered in Massachusetts. Once the contract was formed, the products were shipped from Spectra's headquarters in Massachusetts, to Corvenga's Massachusetts office. The fact that Corvenga subsequently shipped the goods

| STATEMENT |
|---|

via internal shipment from Massachusetts to Illinois after receiving them from Spectra does not impact the analysis. Allowing such a rule would unfairly place sellers at the mercy of their customers' internal operations with respect to the situs of material events.

*Ease of Access to Evidence*

The third factor, ease of access to evidence, also favors transfer to the District of Massachusetts. Based on the information provided to the Court at this stage of the case, it appears that sources of proof are at worst located equally in both Illinois and Massachusetts, though more likely to be in Massachusetts. More importantly, as stated above, all relevant events pertaining to the formation of the contract and performance of the parties' contractual obligations took place in Massachusetts. While the location of documents alone is not a persuasive reason to transfer a case, *see Simonoff v. Kaplan, Inc.*, No. 09 C 5017, 2010 WL 1195855, at *2 (N.D. Ill. Mar. 17, 2010) ("Documents and records are easily transportable (and, indeed, must be copied and delivered to the opponent no matter where the case will be litigated)[,] and their location generally is not a persuasive reason for transfer."); *Morton Grove Pharm., Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 525 F. Supp. 2d 1039, 1045–46 (N.D. Ill. 2007) (finding that the "location of a party's documents and records is usually not a persuasive reason to transfer a case" because "[a]ll documents necessary to present both sides of the case can easily be transported to either venue"), the documents were negotiated and drafted in Massachusetts, making that location both the more probably site for the documents and themselves, and th more persuasive location for purposes of convenience.

*Convenience of the Parties*

Corvenga, with its principal place of business in Chicago, Illinois, maintains no offices and employs no distributors in Massachusetts, although it appears to have had a Massachusetts office at the time of the events in question. Spectra, with its principal place of business in Massachusetts, has no offices or sales force in Illinois. Regardless of where this case is heard, one party will be forced to litigate in a forum it does not find ideal.

*Convenience of the Witnesses*

The convenience of the witnesses is often referenced as the most important of the 1404 factors. *See, e.g., Events News Network*, 2005 WL 2978711, at *5; *Schwarz v. Nat'l Van Lines, Inc.*, 317 F.Supp.2d 829, 836 (N.D. Ill. 2004); *Tingstol Co. v. Rainbow Sales, Inc.*, 18 F.Supp.2d 930, 933 (N.D. Ill. 1998). When assessing whether a particular venue is more convenient for the witnesses in a case, the court must consider "the number of witnesses in each forum; the nature, quality, and importance of the witnesses' testimony with respect to the issues of the case; the expense of transportation and the length of time the witnesses will be absent from their jobs; and whether the witness can be compelled to testify. *Events News Network*, 2005 WL 2978711, at *5. The movant—in this case, Spectra—"cannot meet its burden with only vague statements about the inconvenience imposed by the litigation on non-party witnesses." *Humphries v. Coppercrest Leveraged Mortg. Fund*, No. 10-cv-7756, 2012 WL 527528, at *2 (N.D. Ill. Feb. 15, 2012). In order to prevail on this factor, Spectra must specify the key witnesses to be called and make a generalized statement of their testimony. *Id. See also El Camino Res.*, 447 F. Supp. 2d at 913.

The convenience of the witnesses will be advanced by transfer to Massachusetts. Spectra has met its burden by specifically identifying Scot Sarver, Corvenga's Chief Operating Officer, as a resident of Massachusetts and a key witness in this case who was extensively involved in the negotiating and drafting of the contract, which took place at Spectra's offices in Massachusetts. Corvenga, for its part, has not identified a single potential witness in Illinois. Instead, Corvenga states generally that "it is more likely that third party witnesses, such as Corvenga's distributors and its website designer, reside in Illinois." (Def. Resp. Brief, p. 4.) Corvenga, as the non-moving party, does not bear the burden of proving that Illinois is the more convenient forum; however, Spectra has met is burden with specifics and Corvenga has provided no specifics

**STATEMENT**

in response. Therefore, the Court finds that the convenience of the witnesses favors transfer to Massachusetts.

*Interest of Justice Generally*

Under Section 1404(a), the Court must also weigh the "interest of justice" in determining whether to transfer venue. Factors traditionally considered in the interest-of-justice analysis relate to the efficient administration of the court system. *Coffey*, 796 F.2d at 221. In a diversity action, it is "considered advantageous to have federal judges try a case who are familiar with the applicable state law." *Id.; accord Salve Regina College v. Russell*, 499 U.S. 225, 241 (1991) (noting that "local federal district judges are likely to be familiar with the applicable state law") (citations omitted). Here, the only two state statutory claims in this case are brought under Massachusetts law. The allegations in Corvenga's own complaint arise either under the common law, Uniform Commercial Code, or Lanham Act, all of which can be decided in any state. The two Massachusetts state statutory claims, however, would undoubtedly benefit from review by a judge of that district.

### Conclusion

Because this litigation stems from events that occurred primarily in Massachusetts, and because most of the physical evidence and witnesses related to those events are located there, the Court grants Spectra's motion to transfer venue to the District Court of Massachusetts.